**ZHONG ZHENG, Petitioner–Appellant,**

v.

**DEPARTMENT OF HOMELAND SECURITY, Respondent–Appellee.**

No. 06–2133–ag.

United States Court of Appeals, Second Circuit.

March 14, 2007.

---

Sokol Braha, New York, NY, for Petitioner–Appellant.

Jonathan J. Robbins, Office of Immigration Litigation, U.S. Dep't of Justice, Washington, D.C. (Daniel David Hu, Assistant United States Attorney, Houston, TX, Donald J. DeGabrielle, United States Attorney, on brief), for Respondent–Appellee.

Present: Hon. JOSEPH M. McLAUGHLIN and Hon. RICHARD C. WESLEY, Circuit Judges, and Hon. WILLIAM K. SESSIONS, III, District Judge.*

## SUMMARY ORDER

Petitioner-appellant Zhong Zheng seeks review of the BIA's April 13, 2006 order summarily affirming the decision of Immigration Judge Brigitte LaForest (the "IJ"), which denied Zhong Zheng's application for relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"), *adopted* Dec. 10, 1984, art. III, S. Treaty Doc. No. 100–20 (1988), 1465 U.N.T.X. 85, *codified at* 8 U.S.C. § 1231. We presume the parties' familiarity with the underlying facts and

---

* The Honorable William K. Sessions, III, Chief Judge of the United States District Court for the District of Vermont, sitting by designation.

procedural history, which we reference only when needed to explain our decision.

To receive relief under the CAT, Zhong Zheng must prove that "it is more likely than not that . . . [he] would be tortured if removed to" China. 8 C.F.R. § 1208.16(c)(2). When, as here, the BIA summarily affirms the IJ's decision, we review the IJ's decision as the final agency determination. *Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). An IJ's decision to grant or deny relief under the CAT is reviewed for substantial evidence; in other words, the decision will be upheld unless a reasonable factfinder would be compelled to conclude to the contrary. *See Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 159 (2d Cir.2005).

Zhong Zheng argues three errors by the IJ: (1) a failure to give appropriate weight to his testimony; (2) a lack of a credibility assessment; and (3) the IJ's reliance on certain portions of a 2004 State Department Country Profile on China while failing to request the 2003 State Department Report on China.

■ Substantial evidence supports the IJ's conclusion that Zhong Zheng failed to show he more likely than not would be tortured in China. Zhong Zheng claims that persons who illegally depart China will be tortured upon return, offering as support his testimony that a family neighbor in China had been beaten by Chinese officials upon repatriation. Without any particularized evidence, *i.e.,* more than the fact that Zhong Zheng's family lives near someone who has been beaten after repatriation, Zhong Zheng has failed carry his burden of establishing a likelihood of torture. *See Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 160 (2d Cir.2005).

Zhong Zheng's other argument—an alleged failure by the IJ to make a credibility assessment—is belied by the record. The IJ clearly indicated that she had "observed [Zhong Zheng's] testimony and his dismeanor [sic] while he testified," and found "that [Zhong Zheng] has concerns about being returned to China and that those concerns are subjectively genuine." The IJ indicated her belief in Zhong Zheng's fear, but appropriately recognized that a general fear of imprisonment will not suffice under the CAT.

■ As to Zhong Zheng's final argument, this too lacks any merit. Zhong Zheng argues the IJ should have requested additional State Department documents to develop the record and then infer from those documents that repatriated citizens are tortured in China. Even assuming the first step is appropriate—a position on which we express serious doubts in a hearing involving counseled parties—we have never held such an inference to be appropriate in a case like Zhong Zheng's, which is devoid of any particularized evidence indicating that he will be tortured upon repatriation. *See Mu Xiang Lin,* 432 F.3d at 160; *Mu–Xing Wang v. Ashcroft,* 320 F.3d 130, 144 (2d Cir.2003).

The petition is DENIED. Our review is complete; any stay of removal previously granted is VACATED and any pending motion for a stay of removal is DENIED.